## DAMAGES.

GLEASON *v.* PINNEY, 5 Wend. 393.

In S. Ct. 5 Cow. 152.

*Damages ; Note Payable in Salt ; Writ of Error ; Restitution.*

THIS case was reported in Supreme Court, as a case of *affirmance* of the judgment of the Common Pleas, where the suit was commenced, and which held that the amount *in money* was the proper rule of damages in an action on the following note :

"For value received, I promise to pay John Pinney $73 50, on the first day of August, 1822, in salt at 14 shillings per barrel, in good boatable order. Liverpool, June 30, 1820.

Asa Gleason.

The Supreme Court, however, (Savage, Ch. J., *dissentiente,*) *reversed* this judgment of the Common Pleas, holding the *value of the salt* at the time for delivery to be the proper measure of damages, and awarded a *venire de novo.* The opinion of Savage, Ch. J., given in 5 Cow. 152, as that of the court, was his dissenting opinion. See reporter's note, 5 Cow. 411, correcting the error.

In the mean time Pinney had collected his judgment below; Gleason then took a writ of restitution, and an execution for his costs in the Supreme Court, and the money collected by Pinney on his judgment in the Common Pleas, was restored to Gleason, and his costs in Supreme Court paid. Gleason then compelled Pinney by a rule in the Common Pleas, to go to trial on the *venire de novo*, awarded by the Supreme Court on reversal, who went on accordingly, and obtained a second verdict and judgment against Gleason. Pinney then brought a writ of error from the judgment of the Supreme Court, reversing the original judgment in the Common Pleas, and awarding a *venire de novo.*

A motion *to dismiss the writ of error*, was now made to the Court of Errors on this state of facts, but the court held that Pinney had a right to his writ of error to the judgment of the Supreme Court, and that his going to trial upon the rule in the Common Pleas, was no waiver of his right to bring error, and the motion to dismiss his writ of error was denied.

And per Jones, Chancellor. "A reversal of the judgment in the Supreme Court, will be a reversal of all the consequent proceedings including those in the Common Pleas, upon the *venire de novo.*" Accordingly,

This cause on the writ of error to that judgment of the Supreme Court was brought to argument before

The Court of Errors, on the question as to the rule of damages, and the court held that the measure of damages for non-payment of the note was the *sum* specified in the note and *not* the value of the *salt* on the day specified for the delivery or payment.

And the judgment was *reversed*.